IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

AMERICAN SOUTHERN HOMES          *
HOLDINGS, LLC and ASH-GRAYHAWK,  *
LLC,

     Plaintiffs,                *

vs.                              *          CASE NO. 4:21-CV-95 (CDL)

DAVID B. ERICKSON, *et al.*,     *

     Defendants.                *

_____

O R D E R

Consistent with the parties' litigious nature, the Court's post-judgment docket has now been filled with numerous post-trial motions, including the following: Defendants' Motion for Injunction Bond Damages (ECF No. 348); Defendants' Motion to Alter the Judgment (ECF No. 350); Plaintiffs' Motion for Judgment as a Matter of Law, or in the Alternative, New Trial (ECF No. 353); Defendants' Motion for Attorneys' Fees (ECF No. 354); Plaintiffs' Motion for Attorneys' Fees (ECF No. 355); Plaintiffs' Motion for Release of Injunction Bond (ECF No. 364); and Plaintiffs' Motion for Return of Deposit (ECF No. 367). Having read the parties' voluminous briefing and considered the various arguments, the Court finds that the jury verdict is supported by the evidence in the record and is not contrary to the law. Plaintiffs' motion for judgment as a matter of law and new trial (ECF Nos. 353) is

accordingly denied.  Because no legal basis exists for altering, amending or obtaining other relief from the judgment, Defendants' motion to alter or amend the judgment (ECF No. 350) and Plaintiffs' Motion to Return Deposit (ECF No. 367) are denied, except the judgment will be amended to reflect an award of Rule 54 costs to Defendants.  Although the jury awarded Plaintiffs $1.00 in nominal damages on their breach of the consulting agreement claim, Plaintiffs did not sufficiently prevail on this claim to be entitled to recover their litigation expenses, including attorneys' fees.  Therefore, their motion for attorneys' fees (ECF No. 355) is denied.  Defendants' motion for attorneys' fees (ECF No. 354) is likewise denied, but their motion for costs is granted to the extent set forth below.  Lastly, Defendants were not wrongfully enjoined by the Court's previous specific enforcement of the land purchase agreement, and their motion for injunction damages (ECF No. 348) is denied.  Because that injunction is no longer in effect, Plaintiffs' motion to be released from their injunction bond (ECF No. 364) is granted.  In summary, the judgment entered previously shall remain intact except it shall be amended to reflect that Defendants shall recover their costs in the amount of $34,830.56.

BACKGROUND

The volume of the post-judgment briefing suggests that either the issues to be decided are complicated or that the challenge of

persuading the Court is so daunting that one cannot do so without overflowing verbosity. The Court will attempt to cut to the chase and succinctly explain its rationale. But first, some brief background is necessary.

Plaintiffs American Southern Home Holdings, LLC ("ASHH") and ASH-Grayhawk, LLC ("ASH-GH," collectively with ASHH: "ASH") purchased Defendant David Erickson's Columbus-based home development business in 2019. After Erickson indicated that he intended to pursue additional home development opportunities by himself, their business relationship soured. This lawsuit ensued, producing a ten-count complaint and a seven-count counterclaim. The Complaint was whittled down through summary judgment and abandonment of claims to three claims to be decided by the jury: (1) Plaintiffs' claim against Erickson for breach of the Consulting Agreement based upon Erickson's violation of his duties of confidentiality; (2) Erickson's counterclaim for breach of the Consulting Agreement based on several theories; and (3) Plaintiffs' claim for breach of the Land Purchase Agreement focused primarily on Defendants' failure to deliver developed home-building lots for Plaintiffs' purchase.

The jury returned a verdict that included specific answers to written questions. As to Plaintiffs' claim for breach of the Consulting Agreement, the jury found that Erickson breached the Consulting Agreement. By the time of trial, Plaintiffs recognized

that they could not prove actual damages, so they only sought nominal damages on this claim; the jury awarded $1.00. The jury's finding that Erickson breached the Consulting Agreement doomed his counterclaim that Plaintiffs breached that agreement, and judgment was entered in Plaintiffs' favor as to that counterclaim. As to Plaintiffs' claim for breach of the Land Purchase Agreement, the jury found that Defendants breached that agreement and caused damages to Plaintiffs, but the jury further found that Plaintiffs prevented Defendants from performing their obligations under the Land Purchase Agreement, and thus judgment was entered in favor of Defendants as to that claim.

DISCUSSION

## I.    The Jury's Findings

Preliminarily, the Court finds that the jury's verdict and answers to the specific questions included in the verdict are supported by the evidence in the record. Evidence existed from which a reasonable juror could conclude that Defendants breached the Land Purchase Agreement as the jury found. And evidence existed from which a reasonable jury could conclude that Plaintiffs' conduct prevented Defendants' performance of that contract. Based on these findings, fully supported by the evidence in the record, Defendants were entitled to judgment on Plaintiff's claim for breach of the Land Purchase Agreement. Thus, to the extent that any of Plaintiffs' post-trial motions rely upon the

4

argument that the jury's findings were contrary to the evidence or law, those motions are denied. Furthermore, the Court reaffirms that its instructions to the jury, most of which were not objected to by the parties, were consistent with applicable law and adjusted to the facts in the case. Accordingly, the Court's jury instructions do not provide a basis for new trial.

## II. Defendants' Motion to Alter the Judgment

Defendants move to alter or amend the judgment to (1) allow Defendants to seek costs and fees as a prevailing party; (2) require the release or cancellation of the lis pendens notices filed by Plaintiffs; and (3) affirm that the LPA is terminated. They argue that such relief is necessary to "correct errors and prevent injustice." Defs.' Br. in Supp. of Rule 59(e) Mot. 2, ECF No. 351.

"The only grounds for granting [a Rule 59] motion are newly-discovered evidence or manifest errors of law or fact." *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (quoting *In re Kellogg*, 197 F.3d 1116, 1119 (11th Cir. 1999). As to the Court's previous determination that each side should bear its own costs, the Court upon further reflection finds that this conclusion was incorrect. As explained later in this order, Defendants were the prevailing parties in this action for Rule 54 purposes. Therefore, the judgment shall be amended to award Rule 54 costs to Defendants.

As to Defendants' other arguments for amending or altering the judgment, the Court is unpersuaded that any manifest errors of fact or law exist in the judgment to be corrected or that the relief sought is necessary to avoid injustice. While the final judgment in this case may create res judicata or collateral estoppel consequences as to the matters raised by Defendants' motion, the Court does not find that altering or amending the judgment is the necessary or appropriate remedy. *See id.* ("The only grounds for granting [a Rule 59] motion are newly-discovered evidence or manifest errors of law or fact.") (quoting *In re Kellogg*, 197 F.3d at 1119). Accordingly, Defendants' motion to alter or amend the judgment (ECF No. 350) is denied, except to the extent that the judgment shall be amended to include an award of costs to Defendants pursuant to Rule 54.[1]

## III. Plaintiffs' Motion for Attorney's Fees and Expenses

As contemplated by the Court and the parties, Plaintiffs filed a motion for attorneys' fees and costs based on their contention that they prevailed on their claim against Erickson that he breached the Consulting Agreement. The jury did find that Erickson breached the Consulting Agreement. By the time of trial,

---

[1] The Court offers no opinion as to whether other available remedies exist for removal of the lis pendens. Nor does the Court opine as to whether Defendants have any future obligations under the Land Purchase Agreement in light of the jury verdict and judgment in this case. The Court simply holds that altering or amending the judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure is not the appropriate mechanism for addressing these issues.

Plaintiffs conceded that they could not prove actual damages, so they asked the jury for nominal damages. The jury awarded $1.00. Plaintiffs maintain that by obtaining a finding from the jury that Erickson breached the Consulting Agreement that caused nominal damages of $1.00, they "prevailed" on this claim and are thus entitled to recover in excess of $2 million in attorneys' fees and $260,010.08 in costs pursuant to the fee-shifting provision in the Consulting Agreement.

Because Plaintiffs' entitlement to litigation expenses is entirely contractual, the analysis must begin with the language of the Consulting Agreement, which provides: "In the event of any suit or action with respect to this Agreement, the prevailing party shall be entitled to all its reasonable costs and expenses, including attorneys' fees." Am. Compl. Ex. 5, Consulting Agreement § 5, ECF No. 71-5. Thus, the inquiry is two-fold: (1) were Plaintiffs "prevailing" parties; and if they were, (2) what is the reasonable amount of litigation expenses that they incurred to prevail. The Consulting Agreement does not define "prevailing party." But its plain meaning in this context connotes the party that has succeeded, the party that has won. *Prevail*, Black's Law Dictionary (11th ed. 2019) ("To obtain the relief sought in an action; to win a lawsuit."). Did the Plaintiffs win? If one looks at the jury verdict in its entirety, the Plaintiffs certainly did not succeed. They lost on their most significant claim. But the

Consulting Agreement contemplates a claim being brought solely based on a breach of the Consulting Agreement. To determine whether Plaintiffs "prevailed" on that claim requires further analysis.

Although an award of nominal damages alone may, under certain circumstances, support a finding that the party awarded such damages prevailed, the Court finds that the mere fact that an award of nominal damages was made does not automatically establish that the party who obtained such an award prevailed. Whether the party prevailed depends in part on what they were seeking compared to what they got. Here, Plaintiffs alleged in their original Complaint that Erickson violated his confidentiality obligations, and they sought an injunction prohibiting him from engaging in such conduct plus damages in an amount to be determined at trial. By the time the case got to trial, Plaintiffs concluded they could not prove actual damages, so they sought only nominal damages.[2] The current record therefore does not support a finding that Plaintiffs obtained the relief they sought when they initiated this claim. In fact, the record supports the conclusion that they did not even substantially obtain the relief they originally sought. They received no actual damages, and the evidence does

---

[2] Plaintiffs did not disclose any evidence of actual damages during discovery, so they were not permitted to introduce actual damages evidence at trial.

not support a finding that the litigation produced any meaningful injunctive relief regarding this claim. The meager nominal award was not accompanied by the vindication of some important right that had implications beyond the parties to this private contract; nor was this a situation where there was some type of serious and significant harm that was incapable of being calculated in monetary terms. Here, there was simply no actual damage. The Court finds that under these circumstances, Plaintiffs were not successful on this claim. They did not win it. They are not prevailing parties under the Consulting Agreement.[3] *Cf. AcryliCon USA, LLC v. Silikal GmbH*, 985 F.3d 1350, 1375 (11th Cir. 2021) (noting that although nominal damages may be sufficient to confer "prevailing party" status, to "qualify as a prevailing party under a standard contractual fee-shifting provision, . . . a party must obtain 'actual relief on the merits [that] materially alters the legal

---

[3] The Court acknowledges that because the jury found that Erickson breached the Consulting Agreement, Plaintiffs were entitled to judgment as a matter of law on Erickson's counterclaim for damages arising from Plaintiffs' alleged breach of the Agreement. But this consequence of the jury verdict does not make Plaintiffs a prevailing party on the Consulting Agreement claims. When examined together, Plaintiffs originally sought actual damages and injunctive relief from Erickson because he violated the confidentiality provisions of the Consulting Agreement, and Erickson responded claiming that Plaintiffs had no right to terminate the Agreement on this basis and they owed him seven months' worth of consulting fees and health insurance benefits under the Agreement (about $35,000). Two million dollars in attorneys' fees later, Plaintiffs walk away with no damages and no injunctive relief, but their termination of the Agreement is confirmed as proper and they thus don't have to pay Erickson anything. It's essentially a wash. Under these circumstances, the Court finds that Plaintiffs are not prevailing parties under the Consulting Agreement.

relationship between the parties by modifying the defendant's behavior in any way that directly benefits the plaintiff'") (quoting *Magnetic Resonance Plus, Inc. v. Imaging Sys. Int'l*, 543 S.E.2d 32, 36 (Ga. 2001)).  Having found that Plaintiffs were not prevailing parties, it is unnecessary to evaluate whether the amounts sought in their fee petition are reasonable.  Accordingly, Plaintiffs motion for attorneys' fees is denied.

## IV.  Defendants' Motion for Attorneys' Fees

Defendants seek attorneys' fees of $1,640,790.00 and costs of $52,657.49.  Unlike Plaintiffs' claims for litigation expenses, Defendants are not relying upon a fee shifting provision in any of the applicable contracts.  They rely upon Rule 54 to recover their costs as the prevailing party; and they rely upon the Copyright Act and Lanham Act as the authority supporting their claim for all their litigation expenses, including attorneys' fees.

### A.  Defendants' Motion for Costs

In the judgment, the Court stated that each party should bear its own costs.  The Court has now reconsidered that ruling and finds that Defendants are the "prevailing party" within the meaning of Federal Rule of Civil Procedure 54.  Under Rule 54, "costs-- other than attorney's fees--should be allowed to the prevailing party."  Fed. R. Civ. Proc. 54(d)(1).  Although a district court is not required to name a prevailing party in a split-judgment case where neither party truly prevails, the district court *should*

award costs to a party that prevailed. *Royal Palm Props., LLC v. Pink Palm Props., LLC*, 38 F.4th 1372, 1381 (11th Cir. 2022). A plaintiff prevails if it achieves some relief on the merits that materially alters the legal relationship between the parties. *Id.* at 1376. A defendant prevails if it rebuffs the plaintiff's claim. *Id.* at 1381. Where neither party rebuffs the other's claim, there is no prevailing party. *Id.* In *Royal Palm*, for example, the plaintiff lost on its claim that the defendant infringed its trademark, but the defendant lost on its claim that the trademark was invalid—it was a legal tie. *Id.*

The situation here is different from *Royal Palm*. Here, Plaintiffs lost nine of their ten claims. And, as discussed above, the claim they contend that they "won" (Count One) resulted in no material alteration to the parties' legal relationship. Thus, Defendants successfully defended Plaintiffs' claims. And while Defendants lost six of their seven counterclaims, they did prevail on Count Two and were awarded $107,642.49 in damages.[4] More significantly, Defendants successfully rebuffed Plaintiffs' Count Two by proving their affirmative defense. Plaintiffs sought more than $48 million in lost profit damages on their claim for breach of the Land Purchase Agreement. Although the jury concluded that

---

[4] Plaintiffs point out that while Defendants initially rejected Plaintiffs' warranty "true up" calculations, they later decided to use those calculations to seek summary judgment on Count Two of their counterclaim, which was granted.

Defendants breached the agreement, it also found that Plaintiffs prevented Defendants' performance of the Agreement. As a result, Defendants are not liable for damages based on their breach of the Land Purchase Agreement. For these reasons, the Court finds that Defendants are the prevailing party under Rule 54 and grants Defendants' motion for Rule 54 costs to the extent set forth below.

Defendants may recover costs that are taxable under 28 U.S.C. § 1920. They seek $52,657.49 in costs. Plaintiffs did not clearly object to any of the costs. The Court reviewed the Bill of Costs and supporting materials and finds that the following costs, totaling $34,830.56, are recoverable under § 1920.

### 1. Fees for Service of Summons and Subpoenas

Defendants seek $455.00 in fees for service of subpoenas. Such fees are generally recoverable. 28 U.S.C. § 1920(1); *accord* 28 U.S.C. § 1921(a)(1)(B). Private process server fees "may be taxed pursuant to §§ 1920(1) and 1921" if the fees do not exceed the rate charged by the U.S. Marshal. *E.E.O.C. v. W&O, Inc.*, 213 F.3d 600, 624 (11th Cir. 2000). The U.S. Marshal may charge $65.00 per hour for each item served. 28 C.F.R. § 0.114(a)(3). Although Defendants incurred more than $65 per item for service of subpoenas on various entities, they only request $65 per item, for a total of $455 in service fees. Defendants may recover that amount.

## 2.   Transcript Fees

Defendants seek $36,297.01 in transcript and video recording fees.[5]  "Fees for printed or electronically recorded transcripts necessarily obtained for use in the case" are permitted. 28 U.S.C. § 1920(2).  If a deposition relates to issues in the case and the deposition was used at trial or in conjunction with a summary judgment motion, then the costs are generally recoverable. *W&O, Inc.*, 213 F.3d at 621; *accord Watson v. Lake Cnty.*, 492 F. App'x 991, 996 (11th Cir. 2012) (per curiam).  All the depositions for which Defendants seek to recover were used at trial or at summary judgment, so the Court finds that the transcripts were necessarily obtained.  All the depositions were noticed as both stenographic and video, there was no objection to the video recordings, and Plaintiffs did not object to the recovery of fees for both stenographic transcript and video recording of the depositions. Accordingly, the Court will award the court reporter fees and videographer fees listed in the invoices.  Defendants, though, did not explain why they "necessarily" incurred (1) fees for expediting one transcript, (2) finance charges on three transcripts, or (3) costs to synchronize the text to the video for several transcripts. Without any evidence that these costs were necessary rather than merely for the convenience of counsel, these costs are not allowed.

---

[5] On the Bill of Costs, the amounts are split into $24,992.13 for transcript costs, plus $11,304.88 in "other costs."  Defendants did not explain why they split up these costs.

Accordingly, the Court awards transcript fees in the amount of $30,223.38.

### 3. Fees for Printing and Copying

Defendants seek $14,349.50 in fees for printing and $1,403.80 in costs for making copies of materials. "Printing" fees are recoverable under 28 U.S.C. § 1920(3), and the costs of making copies are recoverable under 28 U.S.C. § 1920(4) "where the copies are necessarily obtained for use in the case." In support of their request for printing and copy costs, Defendants pointed to a chart summarizing print and copy jobs, which includes the number of copies, the billed amount, and the phase of trial. Based on that chart, it appears that Defendants copied or printed more than 100,000 pages. Defendants did not provide any concise explanation; they expect the Court to piece together what happened from emails between counsel's professional assistants and counsel's office services department requesting that the documents be copied or printed from an electronic file. Those emails, which often requested multiple copies of the same documents, do not clearly establish why all the copies (including printed copies of electronic files) were made, and the Court cannot tell whether the copies were necessarily obtained for use in the case or were solely for the convenience of counsel. The Court thus declines to award Defendants the entire amount sought. But the Court understands that this was a document-intensive case, with approximately 2,000

exhibits on the parties' exhibit lists (including some lengthy ones) and more than thirty substantive motions filed. Based on these considerations, the Court finds that it is reasonable to award Defendants costs for copying/printing 40,000 pages, at the ten-cent rate Defendants used for most of the copies, for a total of $4,000.00.

### 4. *Witness Fees*

Defendants seek $152.18 in witness fees, which include witness fees of $40 plus mileage for Kathy Long and Jason Betts, both of whom were subpoenaed to appear at trial. "Fees and disbursements for . . . witnesses" are recoverable. 28 U.S.C. § 1920(3). A witness "in attendance at any court of the United States . . . or before any person authorized to take his deposition pursuant to any rule or order of a court of the United States, shall be paid the fees and allowances provided by" statute. 28 U.S.C. § 1821(a)(1). These fees include an attendance fee of $40 per day and a mileage allowance. *Id.* §§ 1821(b) & 1821(c)(2). Plaintiffs did not object to these fees. The witness fees of $152.18 are recoverable.

### 5. *Summary*

In summary, Defendants may recover Rule 54 costs from Plaintiffs in the amount of $34,830.56.

<u>B.</u>   <u>Defendants' Motion for Attorneys' Fees</u>

In addition to their Rule 54 costs claim, Defendants seek to recover their litigation expenses, including attorneys' fees, under the Copyright Act and/or Lanham Act.  The Court's ruling on Rule 54 costs is not dispositive of this issue; to recover attorneys' fees and litigation expenses under the Copyright Act and the Lanham Act, Defendants must establish more than that they simply prevailed on these claims.  The Court considers whether the claims were objectively unreasonable, improperly motivated, or frivolous, and whether an award is necessary to advance the goals of the statutes.  *See* 17 U.S.C. § 505 (permitting the Court in its discretion to award costs to the prevailing party in a copyright infringement action); *Malibu Media, LLC v. Pelizzo*, 604 F. App'x 879, 881 (11th Cir. 2015) (per curiam) (finding no abuse of discretion in district court's decision not to award fees as a prevailing party under the Copyright Act where the suit was not improper or frivolous and where the plaintiff acted in an objectively reasonable manner that served the purposes of the Act); 15 U.S.C. § 1117(a) (permitting fees to the prevailing party in "exceptional cases" under the Lanham Act); *Tire Kingdom, Inc. v. Morgan Tire & Auto, Inc.*, 253 F.3d 1332, 1335 (11th Cir. 2001) (explaining that an "exceptional case" for purposes of § 1117 is one that involves malice, fraud, or bad faith).

The Court does not find that Plaintiffs' losing claims were objectively unreasonable or frivolous; nor does the Court find evidence of improper motivation. The circumstances likewise do not support a finding that an award is necessary to achieve the goals of the trademark and copyright statutes. Plaintiffs presented evidence that they owned valid and enforceable copyrights and that Defendants had access to the copyrighted plans. Furthermore, evidence existed that Defendants used derivatives of the copyrighted plans. As to the trademark claims, they all survived summary judgment, which presents a substantial hurdle for demonstrating that they were objectively unreasonable. Simply put, Plaintiffs had a good faith basis for asserting their copyright and trademark claims. Although the Court ultimately found the evidence presented in support of them to be lacking, the Court does not find this to be an exceptional case where an award of litigation expenses, including attorneys' fees, should be made. Accordingly, Defendants' motion for attorneys' fees is denied.

## V.    Plaintiffs' Motion to Return Deposit

The evidence at trial established that Plaintiffs paid Defendants a deposit of $2.5 million that would be credited against any future purchases of lots by Plaintiffs from Defendants or be used as liquidated damages if the Land Purchase Agreement was properly terminated. Based on the jury verdict and judgment, Defendants apparently take the position that they have no further

obligations to provide lots to Plaintiffs.[6]  If that is the case, the purpose for which the deposit was made arguably no longer exists.  Plaintiffs maintain that allowing Defendants to keep the deposit under these circumstances will amount to a windfall, unjustly enriching Defendants.  Plaintiffs seek to disgorge this unjust windfall post-judgment through the application of Federal Rule of Civil Procedure 60(b)(3).  That rule authorizes relief from a judgment based upon fraud, misrepresentation, or misconduct by an opposing party.  The Court is unpersuaded that Defendants' zealous advocacy crossed the line into fraud, misrepresentation, or misconduct.  Accordingly, Plaintiffs motion for relief from the judgment in order to obtain their deposit back (ECF No. 367) is denied.[7]

## VI.  The "Preliminary" Injunction

Defendants seek post-judgment damages caused by the injunctive relief awarded by the Court earlier in the litigation. During the pendency of this litigation, the Court ordered that Defendants sell certain lots to Plaintiffs according to the

---

[6] Prior to trial, the Court ruled that Plaintiffs could not obtain both specific performance of the Land Purchase Agreement and lost future profits for breach of the Land Purchase Agreement.  While these two claims could be pursued alternatively, Plaintiffs could not obtain both types of relief.  Prior to trial, Plaintiffs made the decision to pursue lost past and future profits. Defendants take the position that in deciding to pursue that remedy Plaintiffs terminated the Land Purchase Agreement and thus neither party is bound by that Agreement.

[7] The Court expresses no opinion as to whether Plaintiffs will be estopped from asserting a future claim for unjust enrichment upon a refusal by Defendants to return the deposit.

schedule in the Land Purchase Agreement.  This relief was ordered in an attempt to maintain the status quo until the case could be heard at trial.  The effect of this relief, however, was limited specific performance of the Land Purchase Agreement for lots that were due under the parties' schedule for the last quarter of 2021 and the first quarter of 2022.  Defendants contend that they were "wrongfully enjoined" when the Court ordered them to sell the lots in question, and that they are entitled pursuant to Federal Rule of Civil Procedure Rule 65(c) to recover damages caused by the injunction.

The Court finds that Defendants were not "wrongfully enjoined."  First, it is clear that based on the record at the time of the issuance of the injunction, the granting of the relief was appropriate.  Plaintiffs submitted sufficient evidence that Defendants were obligated to provide certain lots pursuant to the Land Purchase Agreement, and that Defendants' failure to provide the lots would cause Plaintiffs irreparable harm.  Plaintiffs also established that Defendants' purported termination of the Land Purchase Agreement, which would have eliminated Defendants' obligation to perform, was not effective based on the record at that time.  To the extent that Defendants were prevented from performing their obligations under the Land Purchase Agreement because Plaintiffs would not reasonably cooperate in the development of a development schedule for the lots, that impediment

was removed by the Court's order that imposed a schedule consistent with the terms of the Land Purchase Agreement.

The Court recognizes that it should not restrict its inquiry to whether the injunctive relief was appropriate at the time it was originally issued. *Cf. Ala. ex rel. Siegelman v. E.P.A.*, 925 F.2d 385, 388 (11th Cir. 1991) (noting that dissolution of an injunction is the first step to recovery against an injunction bond). Rather, the key question is whether the injunction wrongfully prevented the enjoined party "from doing something that it had the legal right to do." *Int'l Bhd. of Teamsters, Loc. Union No. 639 v. Airgas, Inc.*, 885 F.3d 230, 236 (4th Cir. 2018). Therefore, the Court considers whether Defendants were wrongfully enjoined taking into consideration the results of the jury trial. The Court finds that they were not. The jury confirmed that Defendants breached the Land Purchase Agreement. And their finding that Plaintiffs prevented performance of the contract does not support the conclusion that the Defendants were "wrongfully enjoined." The jury's verdict does not convert an appropriate injunction into a wrongful one under the circumstances presented here. This is not a case where one-sided facts that were presented at the preliminary injunction stage failed to pan out at trial. Some of those facts did pan out, as evidenced by the jury's verdict finding that Defendants breached the contract. The fact that the jury did not award lost profit damages because they found

Plaintiffs prevented performance does not make the prior injunctive relief wrongful.

Importantly, the Court's findings supporting its granting of injunctive relief were largely confirmed by the jury when it found that Defendants breached the contract. Furthermore, the evidence that Defendants were prevented from performing the contract produced a close call for the factfinder. It could have gone either way. The mere fact that the jury resolved this contested issue in favor of Defendants does not mean that Defendants were wrongfully enjoined. Under all the circumstances, they were not. Accordingly, the Defendants' motion for injunction damages is denied and Plaintiffs' motion to release the injunction bond is granted.

## VII. Summary

To summarize:

1) Plaintiffs' Motion for Judgment as a Matter of Law or in the alternative New Trial (ECF No. 353) is denied.

2) Plaintiffs' Motion for Attorney's Fees (ECF No. 355) is denied.

3) Defendants' Motion for Attorney's Fees and Costs (ECF No. 354) is granted in part and denied in part;

4) Plaintiffs' Motion for Return of Deposit (ECF No. 367) is denied.

5) Defendants' Motion to Alter and/or Amend Judgment (ECF No. 350) is denied, except that the judgment shall be amended to reflect an award of costs to Defendants.

6) Defendants' Motion for Injunction Damages (ECF No. 348) is denied.

7) Plaintiffs' Motion to Release Injunction Bond (ECF No. 364) is granted.

CONCLUSION

The previously entered judgment in this action shall be amended to eliminate the language that the parties shall bear their own costs, which language shall be replaced with the following: Defendants shall recover their costs from Plaintiffs in the amount of $34,830.56. The previously entered judgment shall otherwise remain unchanged.

IT IS SO ORDERED, this 11th day of January, 2024.

S/Clay D. Land
CLAY D. LAND
U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA